# N. Y. COMMON PLEAS.

THE ELEVENTH WARD SAVINGS BANK agt. ALLEN HAY, DAVID
M. KOEHLER, and others.

*Consolidation of actions — What actions may be consolidated — When to
move — Laches.*

The statute authorizing consolidation of suits, *it seems*, does not relate
solely to actions at law; suits in equity (*i. e.* foreclosure suits) may also
be consolidated.

Where the motion for consolidation has been delayed until the causes are
called for trial, the defendant will be deemed to have been guilty of such
laches as to deprive him of his claim for this relief.

If a defendant wishes to have the suits consolidated, he should move
before they are brought to trial, so that the other party may have an
opportunity to read affidavits and be heard as upon an ordinary motion
before trial.

The granting or withholding an order for the consolidation of actions,
rests entirely in the discretion of the court in each particular case.

*General Term, May,* 1877.

THE action was brought to foreclose a mortgage made by
Allen Hay to Joseph B. Hoyt for $18,750 and interest pay-
able in installments of $3,750 each; an installment being
payable on the first day of October in each year, commencing
in 1868 and ending in 1872. The interest was originally
six per cent, but by an agreement, dated October 31, 1868,
the time of payment of balance of principal, viz., $15,000
then remaining unpaid, was extended for five years, and the
interest increased to seven per cent. Hay, on the 31st of
October, 1868, conveyed the property covered by the mort-
gage and located in the block in Avenue A and One Hundred

and Fifth and One Hundred and Sixth streets, in this city, to the appellant, David M. Koehler, who assumed and agreed to pay the mortgage. This mortgage, and two others, each made by said Hay, one to Robert M. Streleigh and the other to Jacob Singmaster, upon all of which, together, there was then unpaid, in the aggregate, the principal sum of $45,000 were assigned to the respondents by instruments dated August 18, 1869. Koehler, the appellant, who had so assumed the payment of the mortgages, and was the owner of the property, desiring to have some of this land released from the mortgages — the holders thereof having refused — applied to Mr. Edward V. Loew, to procure the negotiations of the mortgages to a person who would release. Mr. Loew was then the president of the bank (respondent) but also carried on the business of real estate broker, and had an office on Third avenue, in this city. Koehler called at this office in July, 1869, and stated to Mr. Loew that he wanted to procure a loan of $45,000, and wanted to know if he could get it for him, agreeing to pay him if he succeeded $5,000 for his services, and to cover compensation for examining the title. He tried several places and finally the bank agreed to take an assignment of the mortgages, which it did, actually paying $45,000 for them. Koehler claims that he did not promise Mr. Loew $5,000 for his services, but states that he was to pay $5,000 in consideration of four lots of the land being released from the mortgages. In his answer to the complaint, he states his case somewhat differently, and in two different shapes, that is to say : At one part of his answer he claims that he, at the request of the plaintiffs, paid them $1,666.67, to be applied by them towards the consideration they were to and did pay for the assignment of the bond and mortgage; afterwards, he states, it was in the form of a payment to them on account of the principal of the mortgage. At the time these bonds and mortgages were taken by the bank, Mr. Koehler made and delivered a bond to it, for $45,000. On July 10, 1874, Mr. Loew having ceased to be president of

the bank but being the president of the Manufacturers and Builders' Fire Insurance Company, who was the owner of a certain mortgage for $11,000, on property in Henry street, which was then owned by Koehler, which mortgage being due and the company requiring payment thereof, Koehler requested Mr. Loew to see if he could not get the mortgage placed, and he got the bank to purchase the mortgage for $10,000, Koehler paying to Mr. Loew $1,000, which was the difference between the face of the mortgage and what the bank paid for it. This $1,000 was paid over by Mr. Loew to the insurance company to make up for the loss on the sale. This mortgage was thereafter assigned by the bank to an estate. Koehler claimed that this $1,000 was paid on account of the mortgages made by Hay, and that one-third of that sum, viz., $333.33 should be credited upon each of them. After the assignment to the bank, and from October 2, 1869, down to November 1, 1875, Koehler paid to the bank interest on the whole principal sum remaining unpaid, although he claims that he had paid off $6,000 thereof (first the $5,000 and afterwards the $1,000). The mortgage being due, this action was commenced April, 1876, the appellant Koehler only answering, and the only defense made by him was the payment of said amount; and the issue thus joined came on for trial before Hon. C. H. VAN BRUNT, one of the judges of this court, at an equity term thereof, October 16, 1876, who found in favor of the plaintiffs on all the issues in this action. At the trial the counsel for Koehler made a motion to consolidate this action with two others that were tried at the same time, which motion was submitted to the judge and decided by him, when he rendered judgment in the action, delivering the following opinion :

*Special Term, November*, 1876.

VAN BRUNT, *J.* — All the documentary evidence in this case is entirely inconsistent with the theory that Mr. Koehler

paid the five thousand dollars ($5,000) on the mortgages in suit at the time the plaintiffs took the assignment of them. If he made the payment on account of the principal of these mortgages, why did he execute a bond to pay forty-five thousand (45,000) dollars when the mortgages should become due?

Why did the bank give its checks for forty-five thousand dollars ($45,000) to Koehler's own order, and Koehler indorse them over to the holders of the mortgages?

Why did Mr. Koehler draw his check to Mr. Loew individually and not to the plaintiffs?

In the face of these circumstances it seems to me certain that the payment was not intended to apply upon the principal of these mortgages.

The payment of the one thousand dollars ($1,000) is equally well accounted for.

As to the strictures passed upon the conduct of the president of the bank, they cannot be considered here; whether he acted legally or illegally in taking the money, cannot in any case affect the plaintiff's claim.

The plaintiff is entitled to judgment of foreclosure and sale for the full amount claimed.

The only other question necessary to consider is that of consolidation.

If the motion to consolidate had been made properly, I think it would have been the duty of the court to have granted it, but in a case where such motion is delayed until the causes are called for trial it seems to me that the defendant has been guilty of such laches as to deprive him of his claim for this relief.

From the judgment the defendant Koehler appeals.

*Joseph Bellsheim*, for respondents. *N. C. Anderson* and *Albert Cardozo*, of counsel.

I. The statute authorizing consolidation of suits relates only to actions at law; foreclosure cases, being suits in equity,

will not be consolidated (*See Statute:* 2 *Edmonds Stat. at Large, p.* 398; 2 *Waite's Pr., pp.* 555 *and* 556).

(*a.*) All the cases cited by the counsel for the appellants are suits at law, and it is confidently asserted that he can find none in equity.

(*b.*) The language of the statute shows that it was the practice at law, and not in chancery, that the legislature was regulating.

At all events, the great delay in making the motion was a sufficient reason for its denial, for the statute provides that the court may, in its discretion, if it shall appear expedient, order the consolidation.

*Kaufman, Tunstall & Wagner,* for appellants.

DALY, *C. J.* — The first question raised in this case, a question of fact, was whether the $5,000 was paid upon the mortgage or to Loew in consideration of his getting the plaintiffs to take the mortgage. Upon that question, Koehler and Loew were in direct conflict, and although the conduct of Loew, as the president of a savings bank, and one of the finance committee of the institution in advocating in the committee, and getting the bank to take a mortgage of $45,000, for which service Koehler was to pay and did pay him $5,000, was extraordinary in the chief officer of such an institution; yet we cannot say, as between the witnesses who directly contradicted each other that the judge below decided erroneously, as he put his decision upon the ground that Koehler at the time gave his bond for $45,000, when if the $5,000 had been received by the bank as a payment upon the mortgage, the bond should have been in $40,000; as well as upon another equally significant circumstance that the bank drew the check for $45,000 to Koehler's own order, and he endorsed it to the owner of the mortgage and he drew his check for $5,000 to Loew individually instead of to the bank.

These cotemporaneous documentary facts and the continu-

ous payment afterwards to the bank by Koehler of interest on $45,000 were circumstances strongly against his version of the transaction, and we cannot say that the judge was wrong in attaching to them the weight which he did.

As respects the second question of fact Loew testified that Koehler gave the $1,000 as a bonus to the insurance company to secure the transfer of the other mortgage to the plaintiff, and that he, Loew, when he received it, paid it over to the insurance company and Koehler's statement in respect to this transaction was so loose and unsatisfactory, as to justify the judge in finding against him. If the defendant wished to have the suits consolidated, he should have moved before they were brought on for trial. The usual course is to move before trial, that the other party may have an opportunity to read affidavits and be heard as upon an ordinary motion before trial. It was a matter of discretion with the judge, and as he put his denial of the motion upon the ground of the defendant's laches, there is no reason why an appellate tribunal should now order the suits to be consolidated ( *Wait's Pr., vol.* 2, *pp.* 557, 558 ).

The motion for a new trial, therefore, should be denied.

The judgment and order appealed from are affirmed with costs ( ten dollars costs and disbursements of affirmance of order ).

J. F. DALY and VAN HOESEN, J., concurred.

NOTE. — An appeal was taken to the court of appeals and on April 16, 1878, the court affirmed the judgment, with costs.—[ED.